**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| LARRY L. GRIFFEY, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 10-06099-CV-SJ-DGK |
| ) | |
| v. ) | |
| ) | |
| DAVIESS/DEKALB COUNTY ) | |
| REGIONAL JAIL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is the Defendant the Daviess/DeKalb County Regional Jail's ("the Jail") Partial Motion to Dismiss the Amended Complaint and Suggestions in Support. Docs. 13-14.[1] The Court has reviewed this Motion in conjunction with the Plaintiffs Larry Griffey, Michael Mitchell and Jeremiah Vasser's Suggestions in Opposition and the Defendant's Reply. Docs. 18, 21. For the reasons discussed herein, this Motion is DENIED.

**Background**

On August 27, 2010, Plaintiff Griffey filed suit against the Defendant alleging violations of the Family and Medical Leave Act ("FMLA"), Title VII and the Missouri Human Rights Act ("MHRA"). On October 6, the Plaintiffs filed an Amended Complaint, joining Plaintiffs Mitchell and Vasser and adding several claims. The Amended Complaint's counts are outlined below:

1. Count One alleges retaliation in violation of the FMLA on behalf of Plaintiff Griffey.

2. Count Two alleges race discrimination in violation of Title VII on behalf of Plaintiffs Mitchell and Vasser.

---

[1] In light of the Amended Complaint, the Defendant's original Motion is DENIED AS MOOT. Doc. 6.

1

3. Count Three alleges race discrimination in violation of section 1981 on behalf of Plaintiffs Mitchell and Vasser.

4. Count Four alleges a hostile work environment in violation of Title VII on behalf of Plaintiffs Mitchell and Vasser.

5. Count Five alleges a hostile work environment in violation of section 1981 on behalf of Plaintiffs Mitchell and Vasser.

6. Count Six alleges retaliation in violation of Title VII on behalf of all Plaintiffs.

7. Count Seven alleges retaliation in violation of section 1981 on behalf of all Plaintiffs.

8. Count Eight alleges race discrimination in violation of the MHRA on behalf of Plaintiffs Mitchell and Vasser.

9. Count Nine alleges a hostile work environment in violation of the MHRA on behalf of Plaintiffs Mitchell and Vasser.

10. Count Ten alleges retaliation in violation of the MHRA on behalf of all Plaintiffs.

Plaintiff Griffey claims that he was "singled out and forced to change shifts…[and] denied days off" after he filed a claim which resulted in the finding that the Defendant had violated the FMLA. Doc. 9 at ¶¶ 12-13. In 2009, Plaintiff Griffey—who is Caucasian—filed an intra-office complaint dealing with racial slurs against African-Americans being used by other officers. He claims that he was terminated without cause shortly thereafter. *Id.* at 16, 18. Plaintiff Mitchell—who is African-American—claims that he was subjected to various racially offensive comments from other officers. *Id.* at ¶ 20. He also claims that he was given less desirable assignments and benefits than Caucasian officers, particularly after filing complaints related to the offensive comments. *Id.* at ¶¶ 23-26. Finally, he claims that he was sent home after making another complaint and terminated shortly thereafter. *Id.* at ¶¶ 27-28. Plaintiff

Vasser—who is African-American—claims that he was subjected to various racially offensive comments, including the incident Plaintiff Griffey complained about. *Id.* at ¶ 37-38. He claims that he was given less desirable work assignments, training and benefits than Caucasian officers, particularly after making complaints of racial harassment. *Id.* at ¶¶ 34-36. Plaintiffs Mitchell and Vasser shared rides to work. *Id.* at ¶ 33. On the day Plaintiff Mitchell was sent home, Plaintiff Vasser told his supervisors that he would have to leave too, because he had no other way to get home. *Id.* at ¶ 41. Plaintiff Vasser claims that this was accepted as his resignation, though he did not intend to voluntarily quit his job. *Id.* at ¶¶ 41-42.

The Defendant claims that Plaintiff Mitchell has failed to state a claim for retaliation under the FMLA. The Defendant also requests dismissal of Counts Two, Four and Six as to Plaintiffs Mitchell and Vasser due to the lack of a right to sue letter from the EEOC. Finally, Defendant requests dismissal of Counts Nine and Ten as to Plaintiff Mitchell for lack of a state right to sue letter. In its Suggestions in Opposition, the Plaintiffs assert that Plaintiff Mitchell has since received his state right to sue letter, and Plaintiff Vasser has received his EEOC right to sue letter. The Defendant concedes that this moots its arguments as to Counts Two, Four and Six as to Plaintiff Vasser and Counts Nine and Ten as to Plaintiff Mitchell.

**Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While the Federal Rules still require notice pleading, rather than fact pleading, they "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation," simple "labels and conclusions" or "a formulaic recitation of the elements of a cause of action…" *Id.*

The FMLA mandates that certain employers provide certain employees with up to 12 weeks of job-protected unpaid leave. 29 U.S.C. § 2612(a)(1). The FMLA creates two types of causes of action: interference actions and retaliation actions. *Stallings v. Hussmann Corp.,* 447 F.3d 1041, 1050 (8th Cir. 2006). In order to succeed in a retaliation claim, an employee must show "that she exercised rights afforded by the Act, that she suffered an adverse employment action, and that there was a causal connection between her exercise of rights and the adverse employment action." *Smith v. Allen Health Systems, Inc.,* 302 F.3d 827, 832 (8th Cir. 2002).

### Discussion

**A. Plaintiff Griffey Has Stated An FMLA Retaliation Claim**

The Defendant claims that Count One fails to state a claim because Plaintiff Griffey has merely alleged that he "opposed practices that he felt were in violation of the FMLA." Doc. 14 at 3. This is apparently a reference to paragraph 45 of the Amended Complaint. However, Plaintiff Griffey incorporated other portions of the Amended Complaint by reference. For example, paragraphs 12 and 13 allege that he "filed a claim in which it was determined that defendant had violated the provisions of the FMLA" and, after which he "was singled out and forced to change shifts and was denied days off." The Defendant claims that Plaintiff Griffey has failed to show that he exercised any rights under the FMLA and failed to allege a causal connection between this and the adverse action. The FMLA plainly outlaws retaliation for "fil[ing] any charge, or…institut[ing] or caus[ing] to be instituted any [FMLA] proceeding…" 29 U.S.C. § 2615(b)(1). While it is not entirely clear what sort of claim Plaintiff Griffey filed, it is clear that he has alleged that he exercised his rights under the FMLA. There does not seem to be any doubt that Plaintiff Griffey has alleged that he suffered adverse employment actions, such as refusal of time off and undesirable schedule changes. Doc. 9 at ¶ 46. Regarding the final

element of a causal connection, Plaintiff Griffey has alleged that this mistreatment began after his claim and that employees who did not file a claim were not subject to this treatment. *Id.* at ¶¶ 46-47.  Since Plaintiff Griffey does not appear to have direct evidence of retaliation, this claim will ultimately be analyzed under the *McDonnell Douglas* framework and the Defendant will have an opportunity to show a valid reason for these actions—assuming that they actually took place.  *Phillips v. Mathews,* 547 F.3d 905, 912 (8th Cir. 2008).  Because Plaintiff Griffey has pled that the adverse actions began after his 2007 FMLA claim and that similarly situated employees who did not make a claim were not subjected to the same adverse actions, the Court finds that he has stated a claim for FMLA retaliation.  Accordingly, the Defendant's Motion to dismiss Count One for failure to state a claim is DENIED.

## B. The Plaintiffs Have Exhausted Their Administrative Remedies

Subsequent to the pending Motion's filing, Plaintiff Vasser received his federal right to sue letter and Plaintiff Mitchell received his state right to sue letter.  Docs. 18-1, 18-2.  Accordingly, the Defendant's Motion to dismiss Counts Nine and Ten as to Plaintiff Mitchell, and Counts Two, Four and Six as to Plaintiff Vasser are DENIED.  This leaves the question of whether Plaintiff Mitchell's Title VII claims should be dismissed for lack of a federal right to sue letter.  Plaintiffs claim that they received oral notice that Plaintiff Mitchell's federal right to sue letter would be issued within ten days.  However, this was noted in a November 18, 2010 filing, and no such letter has been filed, even though the Plaintiffs stated that they would supplement their response upon receipt. Doc. 18 at 9.  The Plaintiffs offer several cases indicating the right to sue letter is not a mandatory prerequisite to filing suit, so long as the lawsuit does not interfere with the administrative function.  While it does not appear that the Eighth Circuit has endorsed such an attitude towards right to sue letters, it has said that they are merely "a condition

precedent to a filing of a Title VII claim, *curable after the action has commenced.*" *Jones v. Am. State Bank,* 857 F.2d 494, 499-500 (8th Cir. 1988) (emphasis added).  For this reason, and because the Plaintiffs have received oral notice that a letter will soon be issued, the Defendant's Motion to dismiss Counts Two, Four and Six as to Plaintiff Mitchell is DENIED.  The Court accepts Plaintiffs' Counsel's representation—as officers of the Court—that a letter is forthcoming, and they should file it as soon as possible.  In the event that Plaintiff Mitchell fails to file his EEOC letter, the Court may revisit this issue and dismiss any unexhausted counts.

**Conclusion**

The Court finds that Plaintiff Griffey has sufficiently pled an FMLA retaliation claim.  Most of the Defendant's Motion to dismiss for failure to exhaust remedies is mooted by Exhibits A and B to the Plaintiffs' Suggestions in Opposition.  There does not appear to be any dispute that Plaintiff Mitchell has *filed* an EEOC charge regarding the remaining counts, and Eighth Circuit precedent allows him to cure this defect by filing his letter upon receipt.  Accordingly, the Defendant's Motion is DENIED.

**IT IS SO ORDERED**

Dated: February 10, 2011                                        /s/ Greg Kays
                                                                                        GREG KAYS,
                                                                                        UNITED STATES DISTRICT JUDGE